IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| **In re Charles Yeh** ) | |
| **Debtor,** ) | |
| ) | Case No. 5:22-mc-00009 |
| ) | |
| ) | By: Michael F. Urbanski |
| ) | Chief United States District Judge |
| ) | |

**MEMORANDUM OPINION**

This matter is before the court on debtor Charles Yeh's motion to withdraw the reference of his Chapter 7 bankruptcy petition, Bkcy. No. 22-50364, and transfer it to this court. Yeh's motion was docketed in the district court as Miscellaneous Case No. 5:22mc00009. As there is no basis for withdrawal of the reference and transfer of Yeh's Chapter 7 bankruptcy petition, the court **DENIES** Yeh's motion and **DISMISSES** Miscellaneous Case No. 5:22mc0009.

**I.    BACKGROUND**

The court has pending before it an unlawful detainer action filed by US Bank National Association ("US Bank") against Elizabeth Haring, No. 5:19cv088, concerning real estate located at 53 Leigh Court, Bayse, Virginia, 22810. Several matters are pending in that case for decision by the court, including the Report and Recommendation on US Bank's Motion for Summary Judgment, ECF No. 86, Charles Yeh's emergency pro se motions to intervene and for preliminary injunction, ECF Nos. 90 and 91, and US Bank's Motion to Voluntarily Dismiss, ECF No. 92.  In his emergency motions filed on August 16, 2022, Yeh makes no

claim to the 53 Leigh Court real estate, but asserts that he owns three BMW automobiles and certain other unidentified personal property stored there.

On August 22, 2022, six days after filing these emergency motions in the unlawful detainer action, No. 5:19cv088, Yeh filed a voluntarily Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Western District of Virginia, Bkcy. No. 22-50364. On October 19, 2022, US Bank filed a motion in the bankruptcy court seeking relief from the automatic stay and a hearing was set for November 16, 2022. ECF No. 24 in Bkcy. No. 22-50364. On November 3, 2022, Yeh filed a motion to continue the hearing on the motion for relief from the stay, ECF No. 33 in Bkcy. No. 22-50364, which was denied by the bankruptcy court on November 8, 2022. ECF No. 41 in Bkcy. No. 22-50364. On November 16, 2022, the day set for the hearing on the motion for relief from the stay, Yeh filed the instant miscellaneous action in the district court asking that the reference to the bankruptcy court be withdrawn and his bankruptcy case be transferred to the district court.

In his motion to withdraw the reference and for transfer of his bankruptcy petition to the district court, Yeh states as follows:

> Debtor's case and the contested matter with US Bank is legally and factually complex, highly disputed, raises an important question of first impression and another unresolved question of law, involves interpretations of the bankruptcy code and substantial and material consideration of non-bankruptcy law affecting interstate commerce. This case involves interpretations of non-bankruptcy state and federal laws affecting bankruptcy, contract law, assignments of mortgages, chains of title, etc. surrounding interstate banking (including mortgage banking), which is interstate commerce.

ECF No. 1, at 9-10 in No. 5:22mc009. Yeh also asserts that he "has been prejudiced by the rulings of the Bankruptcy Court" and "cannot get a fair hearing in the Bankruptcy Court. The bankruptcy Court has exhibited bias towards the bank, assuming and deciding that they are a

creditor or interested party and denying debtor's motions to continue and extend time, prejudicing his case." Id. at 10-11.

As the facts and legal contentions are adequately presented in the materials before the court, the court dispenses with oral argument.

## II.     WITHDRAWAL FROM BANKRUPTCY COURT

Federal district courts have original jurisdiction over all bankruptcy cases and related proceedings. 28 U.S.C. § 1334. By local rule and pursuant to 28 U.S.C. § 157(a), the United States District Court for the Western District of Virginia automatically refers "all cases under Title 11 of the United States Code and all proceedings arising under Title 11 or arising in or related to a case under Title 11" to this district's bankruptcy judges. W.D. Va. Gen. R. 3(a); see also Stern v. Marshall, 564 U.S. 462, 473 (2011) ("Congress has divided bankruptcy proceedings into three categories: those that 'arise under title 11'; those that 'arise in a title 11 case' and those that are 'related to a case under title 11.'" (quoting 28 U.S.C. § 157(a))); MDC Innovations, LLC v. Hall, 726 F. App'x 168, 170 (4th Cir. 2018) ("District courts may refer any or all of such proceedings to the bankruptcy court."). After making such a referral:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). "The first sentence of the statute identifies 'permissive withdrawal,' and the second sentence identifies 'mandatory withdrawal' of proceedings referred to the Bankruptcy Court." In re Dozier Fin., Inc., No. 4:18-cv-1888-AMQ-SVH, 2018 WL 4599860, at *2 (D.S.C. Sept. 6, 2018) (citations omitted), report and recommendation adopted No. 4:18-

3

1888-MGL, 2019 WL 1075072 (D.S.C. Mar. 7, 2019). "The burden of demonstrating grounds for withdrawal is on the movant." In re Peanut Corp. of Am., 407 B.R. 862, 864 (W.D. Va. 2009) (citing In re U.S. Airways Grp., Inc., 296 B.R. 673, 677 (E.D. Va. 2003)).

### a. Mandatory Withdrawal

The court must first determine the scope of the mandatory withdrawal provision or, in other words, what it means for "resolution of the proceeding" to "require[] consideration of both Title 11 and other laws of the United States." 28 U.S.C. § 157(d). "There is no controlling precedent in the Fourth Circuit regarding the mandatory withdrawal provision of § 157(d), and courts elsewhere are not uniform in their construction of the phrase 'requires consideration' as set forth in the statute." In re Dozier Fin., Inc., 2019 WL 1075072, at *3.

Some courts read § 157(d) liberally, holding that withdrawal is mandatory in any Title 11 proceeding that "presents a non-Title 11 federal question which will affect the outcome of the proceeding." In re Contemp. Lithographers, Inc., 127 B.R. 122, 127–28 (M.D.N.C. 1991). The majority approach, developed in the Second Circuit and adopted by the Seventh Circuit, holds that mandatory withdrawal is "not available merely whenever non-Bankruptcy Code federal statutes will be considered in the Bankruptcy Court proceeding, but is reserved for cases where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." In re Ionosphere Clubs, Inc., 922 F.2d 984, 995 (2d Cir. 1990); see also Matter of Vicars Ins. Agency, Inc., 96 F.3d 949, 952 (7th Cir. 1996) (adopting Second Circuit's interpretation). This court's neighboring district has rejected both the liberal approach and the "substantial and material consideration" test, and instead posits that withdrawal is mandatory if "an issue or question of non-bankruptcy federal law [is]

4

essential or material to the disposition of the bankruptcy proceeding." In re U.S. Airways Grp. Inc., 296 B.R. 673, 679 (E.D. Va. 2003). Another district court within the Fourth Circuit seems to view these tests as more or less the same, explaining that withdrawal is mandatory "if the application of non-bankruptcy federal law is essential (i.e., substantial and material) to the bankruptcy proceeding." In re Dozier Fin., Inc., 2019 WL 1075072, at *3.

Still others seem to require something beyond "substantial and material consideration" of non-bankruptcy law, such as a certain level of complexity or the existence of some effect on interstate commerce. See, e.g., In re TPI Int'l Airways, 222 B.R. 663, 667 (S.D. Ga. 1998) (holding that withdrawal is mandatory "when complicated interpretive issues, often of first impression, have been raised under non-Title 11 federal laws or when there is a conflict between the bankruptcy and other federal law," if resolution of those issues is "essential to the dispute"); In re Forks Specialty Metals Inc., AP 19-28, 2020 WL 2098099, at *1 (E.D. Pa. May 1, 2020) ("withdrawal of the reference is mandatory only where resolution of the claims will require 'substantial and material' consideration of non-code federal statutes that have more than a de minimis impact on interstate commerce").

Regardless of the test to be applied, Yeh fails to meet his burden of establishing grounds to withdraw the reference and transfer his Chapter 7 petition to the district court. Yeh's conclusory allegations identify no non-Title 11 federal law at issue in this case requiring consideration, much less substantial and material consideration, and the case is hardly complex. Although Yeh makes no claim to the 53 Leigh Court real estate, he asserts ownership over three cars and some other unidentified property stored there. Whether this personal property is included in Yeh's bankruptcy estate is a routine matter for the bankruptcy court.

5

The fact that there is an ongoing dispute between US Bank and Elizabeth Haring over ownership and possession of the 53 Leigh Court real estate has no bearing on whether certain items of personal property owned by Yeh and stored there are properly included in his bankruptcy estate. As such, mandatory withdrawal is not implicated here.

### b. Permissive Withdrawal

Even if withdrawal is not mandatory, a court may exercise its discretion to withdraw the reference under certain circumstances. The Fourth Circuit has not enumerated factors to consider for permissive withdrawals, but its district courts have routinely applied the following factors developed by other circuits: "(i) whether the proceeding is core or non-core; (ii) the uniform administration of bankruptcy proceedings; (iii) expediting the bankruptcy process and promoting judicial economy; (iv) the efficient use of [the parties'] resources; (v) the reduction of forum shopping; and (vi) the preservation of the right to a jury trial." In re Peanut Corp. of America, 407 B.R. at 865 (citing In re U.S. Airways Grp., Inc., 296 B.R. at 677); see also In re Dozier Fin., Inc., CV 4:18-1888-MGL, 2019 WL 1075072, at *4 (D.S.C. Mar. 7, 2019) (similar); In re QSM, LLC, 453 B.R. 807, 809–10 (E.D. Va. 2011) (collecting cases). "The district court has broad discretion in deciding whether reference should be withdrawn for cause shown." Albert v. Site Mgmt., Inc., 506 B.R. 453, 455 (D. Md. 2014).

**Whether the proceeding is core or non-core**. "Core proceedings are set forth in 28 U.S.C. § 157(b)(2) and, while the statutory list is not exhaustive, such proceedings arise from rights created by the Bankruptcy Code or consist of claims that could only arise in a bankruptcy proceeding." In re Dozier Fin., Inc., 2019 WL 1075072, at *4. Plainly, the issue as to whether the personal property Yeh claims to have stored at 53 Leigh Court is property of the

bankruptcy estate is a core proceeding. This factor weighs strongly against withdrawing the reference.

**Uniform Administration of Bankruptcy Proceedings**. Yeh's motion to remove this routine Chapter 7 petition to district court would unduly interfere in the orderly and uniform administration of bankruptcy proceedings. This factor weighs against withdrawal.

**Expediting the Bankruptcy Process & Promoting Judicial Economy**. Given the timing of the various filings in this case, there is little doubt that withdrawing the reference would unduly delay the bankruptcy process and thwart judicial economy. The court finds that this factor also weighs against withdrawal.

**Efficient Use of the Parties' Resources**. Resolution of the issue of the property to be included in the bankruptcy estate will be needlessly delayed and complicated by withdrawal of the reference in this case, causing all involved to expend more time and effort than necessary.

**Reduction of Forum Shopping**. Yeh does not claim ownership of the real estate at issue in the unlawful detainer action filed by US Bank against Elizabeth Haring, yet has interjected himself into that dispute by moving to intervene in that proceeding based on his claimed ownership of three BMW automobiles and other unidentified personal property stored there. Yeh's effort to change the forum of his Chapter 7 petition to this court will only delay and impede the orderly administration of his bankruptcy case. Again, this factor weighs against withdrawing the reference.

**Preservation of the Right to a Jury Trial**. There is no suggestion that allowing this case to remain in the bankruptcy court will in any respect impede any party's right to a jury trial.

Finally, the court has reviewed the docket of the bankruptcy proceedings and finds nothing to question the impartiality of the bankruptcy court.

## II.    CONCLUSION

For these reasons, the court **DENIES** Yeh's motion to withdraw the reference to the bankruptcy court and transfer his Chapter 7 petition to the district court. Accordingly, the Clerk is directed to **DISMISS** Miscellaneous Case No. 5:22mc0009 and notify the United States Bankruptcy Court for the Western District of Virginia that petitioner Charles Yeh's motion to withdraw the reference and transfer his Chapter 7 case to the district court is **DENIED**.

An appropriate order will be entered.

Entered: November 28, 2022

Digitally signed by Michael F. Urbanski   Chief U.S. District Judge
Date: 2022.11.28 16:05:38 -05'00'

Michael F. Urbanski
Chief United States District Judge